IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RICHARD ROY MINOR                                     PLAINTIFF

VS.                     CIVIL ACTION NO. 5:07-cv-134(DCB)(JMR)

R.J. REYNOLDS TOBACCO COMPANY,
BROWN & WILLIAMSON TOBACCO CORPORATION,
AND PHILIP MORRIS USA, INC.                        DEFENDANTS

<u>ORDER</u>

This cause is before the Court on the defendants R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, and Philip Morris USA, Inc. (collectively "the defendants")'s motion to dismiss **(docket entry 38)**; Carroll Rhodes, Deborah McDonald, and Jeffrey A. Varas, attorneys for the plaintiff, Richard Roy Minor, deceased (collectively "the plaintiff's attorneys")'s motion for extension of time to file motion for substitution **(docket entry 39)**; the plaintiff's attorneys' motion for leave to withdraw as counsel **(docket entry 42)**, and the defendants' motion to stay deadlines under the case management order **(docket entry 46)**. Having carefully considered the motions and responses, and being fully advised in the premises, the Court finds as follows:

This is a tort action filed in federal court by the plaintiff against three tobacco companies. On September 28, 2008, the plaintiff died, and on January 16, 2009, a Suggestion of Death was filed by the three defendants. On April 24, 2009, the defendants filed a motion to dismiss on the grounds that no motion for

substitution of parties has been made.

Rule 25 of the Federal Rules of Civil Procedure provides:

> ... A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

The plaintiff's attorneys (hereafter "the attorneys") did not respond to the motion to dismiss. Instead, on April 27, 2009, they filed a motion for extension of time in which to file a motion for substitution of parties. In their motion, the attorneys state that Richard Roy Minor, deceased, is survived by a wife and children, and that an estate has not been opened. They further state that they have not been retained to represent the deceased's estate, widow, or children.

The attorneys cite Atkins v. City of Chicago, 547 F.3d 869, 873 (7th Cir. 2008) as authority requiring service of the suggestion of death on the decedent's successors or personal representative in order to trigger the 90 day period provided by Fed.R.Civ.P. 25(a)(1). However, this is not required by the Fifth Circuit. Ray v. Koester, 85 Fed.Appx. 983, 984 (5th Cir. 2004)(citing Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2nd Cir. 1998)).

The attorneys, again citing Atkins, state that they are entitled to an extension of time to file a motion for substitution of parties upon a showing of excusable neglect. The attorneys are

2

correct in that their motion for an extension was not filed until after the 90 day period had expired; therefore, they must make a showing of excusable neglect. See Hall v. Sears Roebuck & Co., 2008 WL 4758669 *1 (W.D. La. Oct. 29, 2008); Jacobs v. Stribling, 2007 WL 2156419 *1 (S.D. Miss. July 24, 2007). The attorneys state: "The excusable neglect in the present case is that the defendants have not served notice on an heir with interest and plaintiffs' counsel have not been retained to represent any heir prior to the defendant's motion to dismiss." Service of notice on the decedent's heirs by the defendant is not required. Ray, 85 Fed.Appx. at 984. As for the heirs not retaining the attorneys to open an estate or file a substitution of parties, that in itself is insufficient to show excusable neglect without a showing of what efforts were made by the attorneys to contact the heirs, and what, if anything, was communicated to the attorneys by the heirs concerning representation.

The attorneys have also filed a motion for leave to withdraw as counsel, again citing the defendants' failure to serve a copy of the suggestion of death on the decedent's successors or personal representative, and the fact that they have not been retained to substitute a party in this action. Again, the attorneys fail to show what efforts they made to contact the successors or personal representative and what, if anything, was communicated to them concerning representation. Without this information, the Court

cannot rule on either the motion for extension of time or the motion for leave to withdraw, both of which must be decided before the Court can address the defendants' motion to dismiss. The Court shall therefore enter an order to show cause, and shall grant the defendants' motion to stay deadlines under the case management order. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's attorneys show cause, within five (5) days from the entry of this Order, for (1) their assertion of excusable neglect in their motion for extension of time, and (2) grounds for their motion to withdraw as counsel, including, but not limited to, any efforts they made to contact the successors or personal representative of the deceased plaintiff and what, if anything, was communicated to them concerning representation;

FURTHER ORDERED that the defendants' motion to stay deadlines under the case management order **(docket entry 46)** is GRANTED.

SO ORDERED, this the 6th day of August, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE